UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NORMAN C. RABIN, et al.,

                Plaintiffs,

    -against-

U.S. DEPARTMENT OF HEALTH AND
HUMAN SERVICES, et al.,

                Defendants.
------------------------------------------------------------------X

For Online Publication Only

**ORDER**
23-CV-00402 (JMA) (SIL)

FILED
CLERK
1:14 pm, Mar 15, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Before the Court are several applications filed by pro se Plaintiff Norman Rabin: (1) motion for the appointment of pro bono counsel (ECF No. 6); (2) motion for ECF filing privileges and a waiver of PACER fees (ECF No. 7); and (3) a motion for an extension of time to amend the Complaint (ECF No. 8).

As a threshold matter, a review of the Complaint reveals that of the six named plaintiffs, only one, Rabin, has signed it. The statute governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." Lattanzio v. COMTA, 481 F.3d 137, 139 (2d Cir. 2007) (quoting Eagle Associates v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991)). As a non-attorney litigant appearing pro se, Plaintiff cannot represent anyone else's interests other than his own. See, e.g., Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause."). Accordingly, any claims set forth in the Complaint on behalf of Catherine E. Ryan ("Ryan"), Lisa R. Walker ("Walker"), Peter D. Rosenholm ("Rosenholm"), J. Chad Vandergriff ("Vandergriff"), and Joy N. Mack ("Mack") are DISMISSED without prejudice. In the absence of any contact information for the plaintiffs other than Rabin,

the Court orders Rabin to serve a copy of this Order on Ryan, Walker, Rosenholm, Vandergriff, and Mack AND to file proof of service with the Court within two weeks from the date of this Order.

Next, Plaintiff's application for the appointment of pro bono counsel is DENIED without prejudice and with leave to renew on the Court's form application included with this Order. Unlike criminal defendants, civil litigants do not have a constitutional right to counsel. See Hickman v. City of New York, No. 20-CV-4603, 2020 WL 6565079, at *2 (S.D.N.Y. Nov. 9, 2020) (citing United States v. Coven, 662 F.2d 162, 176 (2d Cir. 1981)). However, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Here, Plaintiff paid the Court's filing fee to commence this action and has not provided any information concerning his financial position. In the absence of such information, the Court cannot determine whether Plaintiff qualifies for pro bono counsel.

Further, in its discretion and pursuant to Rule 5(d)(3)(B) of the Federal Rules of Civil Procedure, the Court GRANTS Plaintiff's Motion for Leave to Allow Pro Se to Electronically File (ECF No. 7), with the expectation that Plaintiff will judiciously exercise the privilege of electronic filing, and subject to revocation if the Court determines this privilege is being abused or revocation is otherwise warranted. Plaintiff shall register for ECF; registration is available online at www.pacer.gov. PLAINTIFF IS ON NOTICE: Thereafter, any paper filing by Plaintiff will not be accepted for filing and will be returned. Further, insofar as Plaintiff seeks a fee waiver for the use of PACER and CM/ECF, that request is denied at this time. As a party to this case, Plaintiff receives a Notice of Docket Activity each time a new docket entry is made with one free look at that entry. Plaintiff may print or save that document without incurring any fees. In addition, any

2

PACER fees are automatically waived when a party's costs are $30 or less in a quarter, and Court opinions are always free.  Thus, Plaintiff has not demonstrated a need for a fee waiver and the application is thus DENIED.

Finally, Plaintiff's motion for an extension of time to amend the complaint is DENIED as it is unnecessary and premature.  A party may amend its pleading once as of right (i.e., without seeking the Court's leave) within 21 days after serving it.  See Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 15(a)(1)(a).  Although Plaintiff filed a return of service on February 13, 2022 (ECF No. 9), Plaintiff's Affirmation of Service reflects that he personally "hand delivered a copy of the summons and original complaint to the U.S. Attorney's Office," and that he similarly sent the summonses and copies of the complaint by certified mail to the Defendants.  Such service does not comport with the requirements of the Federal Rules of Civil Procedure because Plaintiff, as a party to the action, cannot serve the summonses and complaint.  See Fed. R. Civ. P. 4(c)(2).  Given that the Defendants have not yet been served, Plaintiff may amend his complaint.  Plaintiff shall file any amended complaint within 30 days of the date of this Order, and he shall serve copies of the amended complaint and summonses on Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.

In light of Plaintiff's pro se status, Plaintiff is encouraged to make sure of the resources provided by the Pro Se Legal Assistance Program run by Hofstra Law School (the "Program"), which can provide free information, advice, and limited scope legal assistance to non-incarcerated pro se litigants.  The Court notes that the Program is not part of, nor affiliated with, the United States District Court.  Plaintiff may contact the Program by telephone at 631-297-2575 or by e-mail at PSLAP@hofstra.edu.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).  The Clerk of Court shall mail a copy of this Order to Plaintiff at his address of record.

**SO ORDERED.**

Dated: March 10, 2023
Central Islip, New York

/s/     (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE
